UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN G. LEMERY and JULIE D. LEMERY, husband and wife,

Plaintiffs,

v.

WELLS FARGO BANK, et al.,

Defendants.

CASE NO. C17-1525 RSM

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on Defendant Wells Fargo Bank, N.A. ("Wells Fargo")'s Motion to Dismiss. Dkt. #7. Plaintiffs Steven G. Lemery and Julie D. Lemery ("The Lemerys") oppose this Motion. Dkt. #19. For the reasons stated below, the Court GRANTS Defendants' Motion and dismisses all of the Lemerys' claims with leave to amend.

//

//

## II. BACKGROUND[1]

The Lemerys are the owners of real property located in Duvall, Washington, which they acquired in 1994. Defendant Wells Fargo Bank, as successor in interest to World Savings Bank, acquired rights in the Promissory Note and Deed of Trust for this property, originally recorded on December 30, 1999. The Lemerys contend they have not made any payment on this Promissory Note in more than six years.

In September of 2014, the Trustee provided the Lemerys with a Notice of Trustee Sale. Two months later, the Lemerys received a Notice of Discontinuance of Trustee Sale. Nevertheless, the sale proceeded and the Trustee recorded a Trustee's Deed in February of 2015. The Trustee, realizing its error, issued a Rescission of Trustee's Deed in March of 2015. The Lemery's contend that Defendants have not completed any foreclosure action or court proceedings within 6 years of their accrual of a cause of action under the note.

In 2017, Defendant Clear Recon Corp. commenced another foreclosure without properly serving notice on the Lemerys or their counsel. *See* Dkt. #1-1 at 5. The Lemerys contend that Defendants cannot accurately track payments or charges and they dispute the amount owed.

On September 12, 2017, the Lemerys filed a Complaint to Quiet Title for Wrongful Foreclosure and to Enjoin or Set Aside the Trustee's Sale in King County Superior Court. *Id*. The Lemerys contend that Defendants' right to collect on the note is now barred by the statute of limitations. They also allege violations of the Deeds of Trust Act, RCW 61.24 et seq., and the state Consumer Protection Act ("CPA"), RCW 19.86 et seq. This case was removed from King County Superior Court on October 12, 2017. Dkt. #1.

---

[1] The following background facts are taken from Plaintiff's Complaint, Dkt. #1-1, and accepted as true for purposes of ruling on Defendant's Rule 12(b)(6) Motion to Dismiss.

## III. DISCUSSION

### A. Legal Standard

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

### B. Request for Judicial Notice

As an initial matter, the Court will address Wells Fargo's separate request for judicial notice of 13 exhibits filed with their Motion, Dkt. #8. Wells Fargo argues that the Court can take judicial notice of "Exhibits 1 and 8 through 12 are that they are true and correct copies of official records of the King County Recorder's Office, whose authenticity is capable of accurate and ready determination." *Id*. at 4 (citing Fed. R. Evid. 201(b); *Castillo-Villagra v. INS*, 972 F.2d 1017, 1026 (9th Cir. 1992)). Exhibit 2, the Adjustable Rate Mortgage Note dated December 22, 1999, and signed by Plaintiffs, is referred to in the complaint and is incorporated by reference. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994). Wells Fargo argues that the Court can take judicial notice of Exhibits 3 through 7, as "they are true and correct

copies of documents reflecting official acts of the executive branch of the United States, pursuant to Federal Rule of Evidence 201(b)." Dkt. #8 at 4–5 (citing, *inter alia Hite v. Wachovia Mortgage*, 2010 U.S. Dist. LEXIS 57732, at *6–9 (E.D. Cal. 2010)). Wells Fargo argues that Exhibit 13, a collection of documents related to the May 11, 2017, Notice of Trustee's Sale, can be considered by the Court because the Lemerys allege improper notice in the Complaint and mention the posting of the May 11, 2017, Notice of Trustee's Sale in a Declaration attached to the Complaint. *Id*. at 5.

In their Response, the Lemerys argue that under Rule 12(b) the Court must convert this motion to one for summary judgment if matters outside the pleading are presented. Dkt. #19 at 4. The Lemerys do not respond to any of Wells Fargo's arguments for the Court to take judicial notice of these documents. Instead, they submit two declarations in support of their opposition, with several attachments. Dkts. #20 and #21. These attachments range from duplicates of documents already filed by Wells Fargo (Notice of Trustee's Sale) to letters between Plaintiffs and their lender at the time not mentioned in the Complaint.

In Reply, Wells Fargo argues that this Motion should not be converted to one for summary judgment, and that the Lemerys cannot submit "declarations along with other documents that are outside the pleadings and judicially noticed documents and which contain information that is neither referred to, nor integral to, the Complaint as filed." Dkt. #23 at 2.

The Court agrees that it can take judicial notice of the documents filed by Wells Fargo based on its arguments and cited law. The consideration of these documents does not convert this motion into one for summary judgment. *See Branch*, 14 F.3d at 454. The Lemerys have failed to explain why judicial notice of these documents is improper, instead attempting to further expand the scope of the evidence before the Court with documents that are not judicially noticeable. In any event, the Court can rule on the instant Motion without relying on the vast

majority of submitted documents, as explained below. The Court declines to convert this Motion to one for summary judgment based on Plaintiffs' Response and attached documents.

**C. Statute of Limitations**

A deed of trust is a written installment contract subject to Washington's six-year limitations period. *Hankins v. US PROF-2014-S2 Legal Title Trust*, 2017 U.S. Dist. LEXIS 70829; 2017 WL 1884581 (W.D. Wash. 2017) (citing RCW 4.16.040). Each installment triggers the limitations period for that missed payment: "[W]hen recovery is sought on an obligation payable by installments[,] the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." *Herzog v. Herzog*, 23 Wn.2d 382, 388, 161 P.2d 142, 144-45 (1945); *see also* 25 David K. Dewolf, Keller W. Allen & Darlene Barrier Caruso, Washington Practice: Contract Law and Practice § 16:20, at 196 (2012-13 Supp.) ("Where a contract calls for payment of an obligation by installments, the statute of limitations begins to run for each installment at the time such payment is due.").

The last payment owed commences the final six-year period to enforce a deed of trust securing a loan. This situation occurs when the final payment becomes due, such as when the note matures or a lender unequivocally accelerates the note's maturation. *See 4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423, 434-35, 382 P.3d 1 (2016), *review denied sub nom. 4518 S. 256th, LLC v. Gibbon*, 187 Wn.2d 1003, 386 P.3d 1084 (2017); *see also Westar Funding, Inc. v. Sorrels*, 157 Wn. App. 777, 784, 239 P.3d 1109 (Wash. App. Div. 2, 2010). It also occurs at the payment owed immediately prior to the discharge of a borrower's personal liability in bankruptcy, because after discharge, a borrower no longer has forthcoming installments that he must pay. *See Edmundson v. Bank of Am., NA*, 194 Wn. App. 920, 931, 378

P.3d 272, (2016); *see also Silvers v. U.S. Bank Nat. Ass'n*, 2015 U.S. Dist. LEXIS 112650, 2015 WL 5024173, at *4 (W.D. Wash. 2015).

Acceleration is the lender's prerogative. In Washington, "acceleration does not occur automatically by invoking the power of sale." *4518 S. 256th, LLC*, 195 Wn. App. at 444. Rather, it "must be made in a clear and unequivocal manner [that] effectively apprises the maker that the holder has exercised his right to accelerate the payment date." *Glassmaker v. Ricard*, 23 Wn. App. 35, 38, 593 P.2d 179 (1979).

Wells Fargo argues that the commencement of a nonjudicial foreclosure tolls the statute of limitation. Dkt. #7 at 6–7 (citing *Bingham v. Lechner*, 111 Wn.App. 118, 127; 45 P.3d 562, 566 (2002)). Wells Fargo argues that:

> Here, Clear Recon Corp. issued a Notice of Default on April 3, 2017, and a Notice of Trustee's Sale recorded on May 11, 2017 (RJN Ex. 12), which included the oldest payment due of September 15, 2011. Assuming that Plaintiffs' allegations are true, the six-year statute of limitations for this payment would not expire until September 15, 2017. The recording of the Notice of Trustee's Sale on May 11, 2017, was within the statute of limitations, and stopped the statute of limitations from running. The trustee's sale is pending and is scheduled within the allowable time.

*Id*. at 7.

In Response, the Lemerys argue that the Court cannot rely on the exhibits prepared by Wells Fargo showing that the Lemerys made their last payment on September 15, 2011, arguing that such exhibits are based on hearsay. Dkt. #19 at 5. The Lemerys repeat, as stated in their Complaint, that they have not made a mortgage payment in more than ten years. *Id*. at 6. The Lemerys submit two declarations in support of their opposition, with several attachments. Dkts. #20 and #21. They argue that discovery is needed to address the issue of an acceleration clause which could accelerate the due date of all installments and thus set the statute of limitations running.

On Reply, Wells Fargo argues:

> Even if the Court were to consider Plaintiffs' declarations, and even assuming the truth of the statements within, Plaintiffs' substantive arguments are off base as well. Regardless of whether or not Plaintiffs have failed to pay their mortgage in ten years, Wells Fargo is not foreclosing based upon any payment in default that occurred more than six years prior to the current, subject foreclosure action. As a matter of law, it is irrelevant whether payments were, or were not, paid prior to that time. Wells Fargo's foreclosure, therefore, is not barred by the statute of limitations.

Dkt. #23 at 4. Wells Fargo goes on to summarize their argument thusly: "Whether or not payments were made up to August 2011, this foreclosure is based on failure to make the September 2011 payment (a failure Plaintiffs admit), and each payment thereafter (likewise admitted)." *Id*. at 6. Wells Fargo argues that further discovery into the acceleration clause is unnecessary because Plaintiffs have not pled acceleration and because the note is one of the documents the Court has been requested to take judicial notice of and this note lacks an acceleration clause. *Id*. at 7.

Taking everything in the Lemerys' Complaint as true, the Court is convinced that they have failed to plead a facially plausible quiet title claim based on the statute of limitations. The statute of limitations has not run on installment payments owed less than six years from the filing of this action. There is no allegation of an acceleration clause, and the note attached by Wells Fargo to its Motion does not appear to indicate that all payments would automatically become due without further action by the lender. *See* Dkt #8-1 at 22. There is no allegation that Wells Fargo took such action. The recording of the Notice of Trustee's Sale on May 11, 2017, was within the statute of limitations, and stopped the statute of limitations from running. Based on the record, the foreclosure was timely and not barred by the statute of limitations.

**D. DTA Claim**

"Under Washington law, a foreclosure sale is a prerequisite to bringing a DTA claim." *Titus v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 26271, *10 (W.D. Wash. 2016) (citing *Frias v. Asset Foreclosure Services*, Inc. at al., 181 Wn.2d 412, 334 P.3d 529 (2014)). "[T]here is no actionable, independent cause of action for monetary damages under the DTA based on DTA violations absent a completed foreclosure sale." *Frias*, 334 P.3d at 537. A plaintiff also may not "seek injunctive relief by complaint [under the DTA] without first following relevant state law provisions, such as RCW 61.24.130"—the sole method to contest and enjoin a foreclosure sale. *Titus* at *4 (citing *CHD, Inc. v. Boyles*, 138 Wn. App. 131, 137, 157 P.3d 415 (2007)).

A foreclosure sale has not yet occurred, so the Court agrees with Wells Fargo that the Lemerys' allegations under the DTA are premature.

### E. CPA Claim

Washington's Consumer Protection Act ("CPA") prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. To prevail on a CPA claim, a plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37, 204 P.3d 885 (2009).

Wells Fargo argues that the Complaint fails to identify any conduct that is an unfair and deceptive practice given the above conclusions about the statute of limitations. Dkt. #7 at 11. Wells Fargo also argues, *inter alia*, that the Lemerys have suffered no damages as a result of actions taken to foreclose because the foreclosure has yet to be completed, and that emotional distress is not recoverable under the CPA. *Id*. at 14 (citing *Frias, supra* at 431–32).

In Response the Lemerys argue that "attempting to foreclose on an invalid, expired and unconfirmed debt is a violation of the Consumer Protection Act." Dkt. #19 at 8. The Lemerys argue that their house was wrongfully sold at auction, and that they endured emotional distress from that experience. *Id*.

The Court agrees with Wells Fargo that the Lemerys have failed to sufficiently allege damages under the CPA and applicable case law. Any injury to the Lemery's property from the wrongful sale of their house at auction in 2015 was rectified by the subsequent rescission. Plaintiffs allegations as to the other elements of their CPA claim are conclusory and do not meet the *Twombly/Iqbal* standard. Accordingly, this claim will also be dismissed.

**F. Leave to Amend**

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The Court finds that the Lemerys could possibly allege facts consistent with the existing Complaint to cure at least some of the above deficiencies and will therefore grant leave to amend.

### IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion to Dismiss (Dkt. #19) is GRANTED. Plaintiffs' claims are DISMISSED.

(2) Plaintiffs are granted leave to file an Amended Complaint curing the above-mentioned deficiencies **no later than thirty (30) days** from the date of this Order.

(3) Failure to file an Amended Complaint within this time period will result in this case being closed.

DATED this 26 day of March 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE