Hon. Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT AT SEATTLE

| | |
|---|---|
| STEVEN G. LEMERY and JULIE D. LEMERY, husband and wife,<br><br>                              Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, successor in interest of WORLD SAVINGS BANK, a Federal Savings Bank, and any and all successors, assignees, and persons claiming an interest in the real property referenced herein by or through WELLS FARGO BANK, successor in interest of WORLD SAVINGS BANK, and CLEAR RECON CORP., a Washington corporation, and CAL-WESTERN CORP., a Washington corporation,<br><br>                              Defendants. | CASE NO. 2:17-cv-01525-RMS<br><br>OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6) |

## I. Relief Requested

Plaintiffs Steven G. Lemery and Julie D. Lemery ("Lemerys"), through counsel, Gourley Law Group, respectfully request the Court Deny Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to FCRP 12(b)(6) in its entirety.

**Opposition to Motion to Dismiss- 1**

## II. Statement of Grounds

It is undisputed that the Lemerys are the owners of that certain real property legally described as: Parcel A: The East half of the North half of the Northeast Quarter of the Northeast Quarter of Section 30, Township 26 North, Range 7 East, W. M., in King County, Washington; except the North 100 Feet thereof as condemned in King County Superior Court Cause No. 514489, for Watermain Pipeline; and except that portion lying Easterly of the Centerline of a 60 Foot wide Easement for ingress, egress and utilities as recorded under Recording No. 7307180394.

Parcel B: An Easement for ingress, egress and utilities as recorded under Recording No. 7307180394, both Situate in the County of King, State of Washington, and commonly known as 13117 NE 291st Avenue, Duvall, WA 98019, assessor's tax parcel number 3026079035.  ("Subject Property")[1]

The Lemerys took title to the Subject Property by a Statutory Warranty Deed recorded August 9, 1994 under King County Auditor's File Number 9408090719.[2]

Defendant Wells Fargo Bank as successor in interest to World Savings Bank holds a Deed of Trust recorded under King County Auditor's File Number 19991230000390

---

[1] Dkt. No. 8, Request for Judicial Notice ("RJN"), Exs 1, 2. This Court grated Defendants' Request for Judicial Notice Dkt. 24
[2] Dkt. No. 8, RJN, Exs 1.

**Opposition to Motion to Dismiss- 2**

against the Subject Property.[3]  Defendant Clear Recon Corp. is a Washington corporation

that is the trustee in this action.

> The Note states, in part:
> **(C) Notice of Default**
> If I am in default, the Lender may send me a written notice called "Notice of Default" telling me that if I do not pay the overdue amount by a certain date, the Lender may require me to pay immediately the amount of Principal which has not been paid and all the interest that I owe on that amount, plus any other amounts due under the Security Instrument.[4]

The Amended Complaint states, in part,

8.      The Lemerys took title to the Subject Property by a Statutory Warranty Deed recorded August 9, 1994 under King County Auditor's File Number 9408090719.

9.      On December 30, 1999, a Deed of Trust was recorded against the Subject Property in which The Lemerys, were Grantors and Defendant World Savings Bank was the Beneficiary, under King County Auditor's File Number 19991230000390.  The Deed of Trust secured payment of a Promissory Note of the same date.

10.     Upon information and belief, Defendant Wells Fargo acquired Defendant World Savings Bank's rights in the Promissory Note and Deed of Trust by way of a takeover by Defendant Wells Fargo of Defendant World Savings Bank.

11.     Other Defendants or their respective predecessors may have acquired Wells Fargo's rights in the Promissory Note and Deed of Trust through

---

[3] Dkt. No. 8, RJN, Exs 2.
[4] Dkt. No. 8, RJN, Exs 2 p. 22 of 87.
**Opposition to Motion to Dismiss- 3**

GOURLEY LAW GROUP
P.O. Box 1091/1002 Tenth Street
Snohomish, Washington  98290
(360) 568-5065; fax (360) 568-8092

transfer, sale, or assignment; though, upon information and belief, no other such transfer, sale, or assignment has been made.

12.     The Lemerys have not made any payment on said note since December 2007.

13.     In September, 2014, the Cal – Western provided a Notice of Trustee Sale.

14.     In December 2014, the Cal – Western provided a Notice of Discontinuance of Trustee's Sale.

15.     Nevertheless, the sale proceeded, was completed and Cal – Western sold the Plaintiff's home and recorded a Trustee's Deed in February, 2015 under King County recording number 20150217001115.

16.     Shortly after the Cal – Western's sale, Lemery was contacted by the successful bidder at the Trustee Sale and served with an eviction action.

17.     In March, 2015, after realizing its grave error, the Cal – Western issued a Rescission of Trustee's Deed recorded under King County recording number 20150421000571.

18.     RCW 61.24.050 allows the trustee to rescind a sale up to 11 days after the sale.

19.     More than 11 days transpired between the wrongful sale and the attempted rescission.  The sale was therefore incapable of being rescinded and the Plaintiff is entitled to damages for wrongful foreclosure.

20.     As a result of the Trustee's grave error, The Lemerys endured extreme emotion distress by having their home wrongfully sold at auction and subsequently being served with a wrongful eviction action.

**GOURLEY LAW GROUP**
P.O. Box 1091/1002 Tenth Street
Snohomish, Washington  98290
(360) 568-5065; fax (360) 568-8092

21.     Defendants have not completed any foreclosure action or court proceedings within 6 years of Defendant's accrual of a cause of action under the note.

22.     Defendant Clear Recon Corp. commenced yet another foreclosure with a sale set for September 15, 2017 without serving proper notice in violation of RCW 61.24.040.

23.     Despite repeated requests over the past ten years the Defendants cannot accurately track payments or charges and the The Lemerys dispute the amount allegedly owed. Defendants have no records whatsoever for approximately two years worth of charges.  Defendant Wells Fargo Bank has failed to maintain proper accounting records.

24.     Defendants' right to collect on all or part of the note is barred by the statute of limitations.

25.     Defendant's can not provide an accounting of the amounts claimed to be owed by the Plaintiff and the Plaintiff disputes the amounts alleged by the Defendant.

26.     All payments due more than 6 years prior to commencement of the foreclosure are barred by the statute of limitations, including both principal and interest. In addition to the faulty accounting from previous years Plaintiff alleges that the amounts contained Clear Recon's notice of default wrongly included principal that was barred by the statute of limitations.

27.     Plaintiff asserts that the entire loan balance was accelerated more than 6 years ago and that the entire sum owed the defendant is time barred.[5]

---

[5] Dkt. No. 25.

**Opposition to Motion to Dismiss- 5**

GOURLEY LAW GROUP
P.O. Box 1091/1002 Tenth Street
Snohomish, Washington  98290
(360) 568-5065; fax (360) 568-8092

### III. Statement of Issues

This Court must accept the factual allegations in the Amended Complaint as true and construe the pleadings in the light most favorable to the Plaintiffs. Plaintiffs properly asserted a claim that the statute of limitations has passed moreover Plaintiffs properly asserted that they are entitled to injunctive relief. Should the court grant Defendants Motion to Dismiss?[6]

### IV. Evidence Presented

The Lemerys rely on the pleadings and evidence submitted by all parties in this case including the judicially noticed documents.[7]

### V. Legal Authority

**1.      Legal Standard**

Defendant Wells Fargo Bank correctly observes that under Fed. R. Civ. P. 12(b)(6), the Court must accept the factual allegations in the Amended Complaint as true and construe the pleadings in the light most favorable to Plaintiff.[8]

**2.      Plaintiffs Properly Assert The Statute of Limitations has Run**

Defendants correctly recognize the applicable statute of limitations as set forth in RCW 4.16.040 is six years. The Lemerys assert,

---

[6] Defendants have not moved to dismiss the claim for negligent infliction of emotional distress.
[7] Dkt. No. 8 and 24.
[8] Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to FRCP 12(b)(6) p. 6 citing *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct 1683 (1974).

**Opposition to Motion to Dismiss- 6**

Plaintiff asserts that the entire loan balance was accelerated more than 6 years ago and that the entire sum owed the defendant is time barred.[9] The Court must accept this factual allegation as true and construe the pleadings in the light most favorable to Plaintiff.[10]

The Defendants argue, "The Note, however, cannot be accelerated due to the failure to make payments – the Note and Deed of Trust only provide for acceleration if the property is sold or transferred."[11] This is simply not true.

> The Note states, in part:
> **(C) Notice of Default**
> If I am in default, the Lender may send me a written notice called "Notice of Default" telling me that if I do not pay the overdue amount by a certain date, **the Lender may require me to pay immediately the amount of Principal which has not been paid** and all the interest that I owe on that amount, plus any other amounts due under the Security Instrument.[12] (Emphasis added.)

Under Washington law, this provision the lender may not require payment of the accelerated payments as a condition to curing the default.[13]  The Lemerys believe that is

---

[9] Dkt. No. 25.
[10] Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to FRCP 12(b)(6) p. 6 citing *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct 1683 (1974).
[11] Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to FRCP 12(b)(6) p. 4.
[12] Dkt. No. 8, RJN, Ex 2 p. 22 of 87.
[13] *See* RCW § 61.30.090.

**Opposition to Motion to Dismiss- 7**

**GOURLEY LAW GROUP**
P.O. Box 1091/1002 Tenth Street
Snohomish, Washington  98290
(360) 568-5065; fax (360) 568-8092

what occurred in this case and concede they were given an opportunity to cure. But discovery is needed on the acceleration issue.

Such discovery is permitted by Federal law.[14] It is also the substantive law of the State of Washington.   The right to engage in meaningful discovery is fundamental to all litigants.  As stated in *Putman v. Wenatchee Valley Medical Center, P.S.*[15]

> The people have a right of access to courts; indeed, it is "the bedrock foundation upon which rest all the people's rights and obligations*." This right of access to courts "includes the right of discovery authorized by the civil rules."* As we have said before, "[i]t is common legal knowledge that extensive discovery is necessary to effectively pursue either a plaintiff's claim or a defendant's defense."

 (Citations omitted, emphasis added.)

Accordingly, The Supreme Court of the State of Washington in *Putman* struck down as unconstitutional RCW §7.70.150, which required plaintiffs in medical negligence actions to file a certificate of merit signed by a medical expert at or shortly after commencement of the action.  The Court ruled that RCW §7.70.150 conflicted with the right of discovery authorized by the civil rules.

The Supreme Court of the State of Washington further stated:

> A trial court may continue a summary judgment hearing if the nonmoving party shows a need for additional time to obtain additional affidavits, take depositions, or conduct discovery." *Bldg. Indus. Ass'n of Wash. v. McCarthy*, 152 Wash.App. 720, 742, 218 P.3d 196 (2009) (citing CR 56(f)). "The trial court may deny a motion for a continuance when (1) the requesting

---

[14] See Fed. R. Civ. Pro 56(d).
[15] 166 Wash. 2d 974, 979; 216 P.3d 374, 376 (Wash. 2009).

**Opposition to Motion to Dismiss- 8**

**GOURLEY LAW GROUP**
P.O. Box 1091/1002 Tenth Street
Snohomish, Washington  98290
(360) 568-5065; fax (360) 568-8092

> party does not have a good reason for the delay in obtaining the
> evidence, (2) the requesting party does not indicate what evidence
> would be established by further discovery, or (3) the new evidence
> would not raise a genuine issue of fact." *Butler v. Joy,* 116 Wash.
> App. 291, 299, 65 P.3d 671 (2003) (citing *Tellevik v. 31641 W
> Rutherford St.,* 120 W.2d 68, 90, 838 P.2d 111, 845 P.2d 1325 (1992)).[16]

This is not even a Motion for Summary Judgment. It is a Motion to Dismiss

pursuant to Fed. R. Civ. P. 12(b)(6). Initial Disclosures are not even due until July 1,

2018.[17] The Lemerys should be permitted to conduct discovery on the acceleration issue.

### 3.      The Lemerys are Entitled to Injunctive Relief

The Lemerys made a payment in September 2007.[18] The Lemerys made a payment

in October 2007.[19] And they made a payment in December 2007.[20] They tried to make a

payment in January 2008, but this payment was rejected and they were advised that

Wachovia would only accept the full amount due in certified funds.[21] It was Wachovia's

failure to accept timely payments which created this whole mess. As a result, the Lemerys

are entitled to an order enjoining[22] the Defendants from selling or attempting to sell The

Property pursuant to the principles of equitable estoppel.

Equitable estoppel is based on the view that " 'a party should be held to a

representation made or position assumed where inequitable consequences would otherwise

---

[16] *Perez-Crisantos v. State Farm Fire and Casualty Company,* 187 Wash.2d 669, 389 P.3d 476, 484 (Wash. 2017).
[17] Dkt. No. 37.
[18] Dkt. No. 21, Ex. A.
[19] Dkt. No. 21, Ex. B.
[20] Dkt. No. 21, Ex. B.
[21] Lemery decl. Ex. C; Hause decl. Ex 3 p. 10 of 15.
[22] Dkt. No. 25, p. 7 Amended Complaint Fourth Cause of Action.

**Opposition to Motion to Dismiss- 9**

GOURLEY LAW GROUP
P.O. Box 1091/1002 Tenth Street
Snohomish, Washington  98290
(360) 568-5065; fax (360) 568-8092

result to another party who has justifiably and in good faith relied thereon.' "[23] Equitable estoppel requires three elements:

> (1) an admission, statement or act inconsistent with a claim afterwards asserted, (2) action by another in [reasonable] reliance upon that act, statement or admission, and (3) injury to the relying party from allowing the first party to contradict or repudiate the prior act, statement or admission.[24]

In this case, Wachovia refused to accept timely payments and the Lemerys had no choice but to accept this fact. Inequitable consequences were the result. But again, discovery on this point is needed.

## VI. Conclusion

For the reasons set forth above, the Lemerys respectfully request the Court Deny Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to FCRP 12(b)(6) in its entirety.

DATED this June 25, 2018

GOURLEY LAW GROUP

*/s/Thomas L. Hause*
By: Thomas L. Hause WSBA #35245
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the state of Washington that I electronically filed the foregoing with the Clerk of the Court for the United States

---

[23] *Norcon Builders, LLC, v. GMP Homes VG, LLC,* 161 Wash.App 474, 484, 254 P.3d 835 (Wash. Ct. App. 2011) citing *Lybbert v. Grant County*, 141 Wash.2d 29, 35, 1 P.3d 1124 (Wash. 2000) (quoting *Kramarevcky v. Dep't of Soc. & Health Servs*., 122 Wash.2d 738, 743, 863 P.2d 535 (Wash. 1993)).
[24] *Id.*

**Opposition to Motion to Dismiss- 10**

GOURLEY LAW GROUP
P.O. Box 1091/1002 Tenth Street
Snohomish, Washington  98290
(360) 568-5065; fax (360) 568-8092

District Court, Western District of Washington using the CM/ECF system, which will provide notice to the following parties as indicated below:

Justin T. Jastrzebski
Anglin Flewelling Rasmussen Campbell & Trytten LLP
701 Pike Street Suite 1560
Seattle WA 98101
Attorneys for Defendant Wells Fargo
By CM/ECF E-Service

Kimberly Hood
Aldrige Pite LLP
9311 SE 36th Streeet #100
Mercer Island WA 98040
Attorneys for Defendant Clear Recon
By CM/ECF E-Service

Signed this 25th day of June in Snohomish Washington.

_/s/ Tracy Swanlund_
Tracy Swanlund, Paralegal

**GOURLEY LAW GROUP**
P.O. Box 1091/1002 Tenth Street
Snohomish, Washington  98290
(360) 568-5065; fax (360) 568-8092