Hon. Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN G. LEMERY and JULIE D. LEMERY, husband and wife,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, successor in interest of WORLD SAVINGS BANK, a Federal Savings Bank, and any and all successors, assignees, and persons claiming an interest in the real property referenced hereby by or through WELLS FARGO BANK, successor in interest of WORLD SAVINGS BANK, and CLEAR RECON CORP., a Washington corporation, and CAL-WESTERN CORP., a Washington corporation<br><br>Defendants. | NO. 2:17-cv-01525-RSM<br><br>DEFENDANT'S REPLY SUPPORTING ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)<br><br>NOTE ON MOTION CALENDAR: JUNE 29, 2018 |

The debt owed to Wells Fargo was not accelerated, and collection of the debt owed is not time barred by statute. The previous trustee's sale held by Cal-Western was rescinded and of no force and effect. The Notice of Trustee's Sale complies with the provisions of RCW 61.24 *et seq.* and Plaintiffs raise their "equitable estoppel" argument for the first time in their

109300/FR0028/02095335-1
DEFENDANT WELLS FARGO'S REPLY IN
SUPPORT OF MOTION TO DISMISS FIRST
AMENDED COMPLAINT-1
CASE NO. 2:17-cv-01525-RSM

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

Opposition. This argument fails as Plaintiffs cannot satisfy the elements necessary to assert equitable estoppel.

## I. ARGUMENT

### A. Wells Fargo's foreclosure is not barred by the statute of limitations because its foreclosure was based upon failure to make payments within the last six years, and the Note was never accelerated.

Plaintiffs' Opposition to Wells Fargo's Motion to Dismiss recognizes that the installment payments due and owing less than six years prior to the commencement of the foreclosure action are not barred by the statute of limitations under RCW 4.16.040 and interpreting case law. *See* Dkt. 39 Opposition, ¶26. Plaintiffs do not dispute that RCW 4.16.040 is the statute of limitations provision governing Notes and Deeds of Trust. *Id*. at ¶21 and p. 6, §V(2). The only dispute was the application of the statute of limitations. Plaintiff now recognizes what the Court previously noted, and what Wells Fargo has asserted all along. Namely, that each installment payment carries its own six (6) year statute of limitation period, and therefore only those payments missed over six (6) years ago are barred from collection by statute of limitations.

The Notice of Trustee's Sale recorded on May 10, 2017, ("2017 NTS") lists those amounts due and owing as payments commencing September 15, 2011, and each month thereafter. *RJN* Ex. 12. The payment amounts are set forth and specifically identified in the Notice of Trustee's Sale. They include 64 payments from 9/15/2011 through 12/15/2016, and 4 payments starting from 1/15/2017. *RJN* Ex. 12. At the time the 2017 NTS was recorded and served, it sought only those payments that were past due 6 or fewer years ago. Therefore no payments outside of the 6 years were included within the 2017 NTS.

109300/FR0028/02095335-1
DEFENDANT WELLS FARGO'S REPLY IN
SUPPORT OF MOTION TO DISMISS FIRST
AMENDED COMPLAINT-2
CASE NO. 2:17-cv-01525-RSM

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

Plaintiffs' Opposition also asserts that payments due under the Note can be automatically accelerated by simply failing to make payments. This is simply untrue. Even if a provision in an installment note provides for the automatic acceleration of the due date upon default, mere default alone will not accelerate the note. *A.A.C. Corp. v. Reed*, 73 Wn.2d 612, 615, 440 P.2d 465, 467 (1968). An affirmative action is required to accelerate an installment note's maturity date. *Gibbon, supra,* 195 Wn. App. at 435 (citing, *Glassmaker v. Ricard*, 23 Wn. App. 35, 37, 593 P.2d 179 (1979), and *A.A.C. Corp. v. Reed*, 73 Wn.2d 612, 615, 440 P.2d 465, 467 (1968)). Acceleration is not self-executing, but rather is exercised by clear and unequivocal notice. *Gibbon, 195. Wn. App.* at 439. When an installment obligation is accelerated, only then "the entire remaining balance becomes due and the statute of limitations is triggered for all installments that had not previously become due." *4518 S. 256th, LLC v. Karen L. Gibbon, P.S.,* 195 Wn. App. 423, 434-35, 382 P.3d 1 (2016), *review denied sub nom., 4518 S. 256th, LLC v. Gibbon*, 187 Wn.2d 1003, 386 P.3d 1084 (2017); *Washington Federal v. Azure Chelan LLC*, 195 Wn. App. 644, 663, 382 P.3d 20 (2016) ("For a deed of trust, the six-year statute of limitations begins to run when the party is entitled to enforce the obligations of the note. This can occur either … when the note naturally matures, or when the party accelerates the note ….").

The court previously dismissed Plaintiffs' claims for quiet title based upon the statute of limitations due to the fact that "the statute of limitations has not run on the installment payments owed less than six years from filing this action." *MTD Order*, p. 7. While the FAC alleges that "the entire loan balance was accelerated more than 6 years ago," this allegation fails as a matter of law. Dkt. No. 25, *FAC*, ¶27. The Note does not permit acceleration due to failure to make payments, and even if it so permitted, there is no allegation of any affirmative action taken to accelerate the Note, only that installment payments were not made. Plaintiffs'

109300/FR0028/02095335-1
DEFENDANT WELLS FARGO'S REPLY IN
SUPPORT OF MOTION TO DISMISS FIRST
AMENDED COMPLAINT-3
CASE NO. 2:17-cv-01525-RSM

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

conclusory allegation does not meet the *Twombly/Iqbal* standard. Accordingly, the Plaintiffs' claims for Quiet Title and Declaratory Relief should be dismissed with prejudice, and without further leave to amend.

### B. The rescission of the 2015 foreclosure sale and trustee's deed requires dismissal of Plaintiffs' DTA claims based upon it.

As the Court noted in its previous decision, a foreclosure sale is a prerequisite to bringing a DTA claim. *MTD Order*, p. 8. *See also Titus v. Wells Fargo Bank, N.A.*, No. 3:15-cv-05690-RJB, 2016 U.S. Dist. LEXIS 26271, at *10 (W.D. Wash. 2016). In *Frias v. Asset Foreclosure Servs. Inc.*, 181 Wn.2d 412, 334 P.3d 529 (2014), a previous trustee's sale was held, however the sale was not completed as the trustee's deed to the property was never issued.

In the present case, the Court dismissed Plaintiffs' DTA claims in their original Complaint because there was no completed sale. Dkt. No. 24, *MTD Order*, p. 8. The Plaintiffs now claim that Wells Fargo violated the DTA during the 2015 foreclosure, further asserting there was a completed sale, because the sale "was incapable of rescission" having not been completed within 11 days after the sale, pursuant to RCW 61.24.050. FAC ¶¶ 18-20. However, RCW 61.24.050 only *permits* statutory rescission of the trustee's deed. In so doing, it does not *prohibit* rescission by agreement or under common law.

The court in *Coe v. Noel,* No. 44719-3-II, 2014 Wash. App. LEXIS 2816 (Ct. App. Dec. 2, 2014), applied the doctrine of rescission, allowing plaintiff to rescind a contract where the 15-day period specified in RESPA had already expired. *Coe* at *18. The court held that common law rescission is not foreclosed when the statutory period expires. *Id*. Additionally, the Washington State Supreme Court in *Jackowski v. Borchelt*, 174 Wn.2d 720, 278 P.3d 1100

109300/FR0028/02095335-1
DEFENDANT WELLS FARGO'S REPLY IN
SUPPORT OF MOTION TO DISMISS FIRST
AMENDED COMPLAINT-4
CASE NO. 2:17-cv-01525-RSM

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

(2012) held that the three day statutory right of rescission under RCW 64.06.030 supplements the common law right of buyers, and the remedy of common law rescission is still available outside of that three-day period. *Id*. 174. Wn.2d at 737.

Here, the parties to the Trustee's Deed (Dkt. No. 8, *RJN*, Ex. 10), Cal-Western of Washington, Inc. (Grantor) and PNK Investments LLC and Eastside Funding LLC for Security Purposes Only (Grantee), agreed to rescind the January 30, 2015 Trustee's Sale. Dkt. No. 8, *RJN*, Ex. 11. The agreement of the parties, while outside of the 11-day period provided under RCW 61.24.050, does not render the trustee's sale "incapable of being rescinded." The parties exercised their contractual and common-law right of rescission to rescind the trustee's deed. As such, there was no completed foreclosure, and the Plaintiffs' DTA claim fails. Plaintiffs' claims relating to the 2015 foreclosure can be dismissed with prejudice for this reason as well.

The Plaintiffs have also maintained their original claim that Wells Fargo violated the DTA in the *present* foreclosure by attempting to foreclose on an unsubstantiated and inaccurate loan amount, and again request injunctive relief based upon the DTA violation. FAC ¶ 38. The Court already dismissed this claim relating to the current foreclosure pursuant to *Frias, supra*. The Plaintiffs did not amend their allegations regarding this claim in any respect. The claim should again be dismissed, with prejudice, and without further leave to amend.

### C. Plaintiffs' DTA and CPA claims relating to the 2015 foreclosure remain barred by the two-year statute of limitations.

Where a borrower or grantor fails to bring an action to enjoin a foreclosure, the DTA provides a two-year statute of limitations within which surviving claims must be brought. RCW 61.24.127(2)(a). Actions for violation of Title 19 RCW (which includes RCW 19.86, the Consumer Protection Act), and failure of the trustee to materially comply with the provisions

109300/FR0028/02095335-1
DEFENDANT WELLS FARGO'S REPLY IN
SUPPORT OF MOTION TO DISMISS FIRST
AMENDED COMPLAINT-5
CASE NO. 2:17-cv-01525-RSM

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

RCW 61.24, may be brought subsequent to the sale date pursuant to RCW 61.24.127(1)(b) and (c). However, these claims must be brought within two years from the date of the foreclosure sale, or within the applicable statute of limitations for such claim, whichever expires *earlier*. RCW 61.24.127(2)(a). Therefore, a borrower or grantor has, at most, two years after the foreclosure sale to bring such claims.

The plaintiffs in *Bruce v. ReconTrust Co., N.A.*, 2016 U.S. Dist. LEXIS 9009 (W.D. Wash. Jan. 26, 2016), filed their action against ReconTrust on July 22, 2015, alleging DTA and CPA violations, fraud, and breach of contract claims based upon the sale of their home at trustee's sale on July 22, 2011. *Bruce v. ReconTrust Co., N.A.*, at \*6. The court in *Bruce* held that the plaintiffs' claims for fraud, violations of the CPA, and violations of the DTA were barred by the statute of limitations, and dismissed these claims. *Id*. at \*25.

Here, the Plaintiffs allege violations of the DTA and CPA relating to the trustee's sale that was held on January 30, 2015, and had until January 30, 2017, to bring any claims relating to that foreclosure. Plaintiffs filed this action on September 12, 2017.[1] Therefore Plaintiffs' claims for DTA and CPA violations based upon the January 30, 2015 trustee's sale are barred by the two-year statute of limitations, and should be dismissed with prejudice.

### D. Negligent Infliction of Emotional Distress Claim is not asserted against Wells Fargo.

Plaintiffs Opposition notes that defendants have not moved to dismiss their negligent infliction of emotional distress ("NIED") claim. *See* Dkt. 39 Opposition, pg. 6, footnote 6. Failing to move to dismiss the NIED claim is immaterial to Wells Fargo's motion because the Plaintiffs have asserted that claim against defunct-entity Cal-Western only. *FAC* ¶¶50-52.

---

[1] *See* Dkt. No. 6, Verification of Pleadings, p. 4-19.

109300/FR0028/02095335-1
DEFENDANT WELLS FARGO'S REPLY IN
SUPPORT OF MOTION TO DISMISS FIRST
AMENDED COMPLAINT-6
CASE NO. 2:17-cv-01525-RSM

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

Therefore, Plaintiffs' First Amended Complaint against Wells Fargo should be dismissed with prejudice.

**E. Plaintiffs cannot satisfy the elements of an inconsistent act or statement, and reasonable reliance necessary to assert equitable estoppel.**

For the first time, Plaintiffs' Opposition raises the principle of equitable estoppel as a basis for injunctive relief. *See* Dkt. 39 Opposition, p. 9. Plaintiffs claim that Wachovia's failure to accept timely payments left the Plaintiffs with no options, and inequitable consequences resulted. *Id.* at 10.

To assert equitable estoppel, three elements must be met:

> first, an admission, statement, or act inconsistent with a claim afterward asserted; second, action by another in reasonable reliance on that act, statement, or admission; and third, injury to the party who relied if the court allows the first party to contradict or repudiate the prior act, statement, or admission.

*Robinson v. Seattle*, 119 Wn.2d 34, 82, 830 P.2d 318, 345 (1992). Equitable estoppel is not favored, and the party asserting estoppel must prove each of its elements by clear, cogent, and convincing evidence. *Mercer v. State*, 48 Wn. App. 496, 500, 739 P.2d 703, *review denied*, 108 Wn.2d 1037 (1987).

Here, Plaintiffs' argument fails because the Plaintiffs fail to prove each element by clear, cogent and convincing evidence. The fact that Wachovia returned the Plaintiffs' payment was due to the fact that foreclosure proceedings had commenced, and only certified funds could be accepted. *See* Dkt. 21, Dec. of Julie Lemery, Ex. 3. This letter provides the Plaintiffs with the option to pay in certified funds to remedy the issue, however they chose to not do so. Plaintiffs have not presented any clear, cogent and convincing evidence to demonstrate how they relied upon a purported inconsistent statement. An option was available when they were in

109300/FR0028/02095335-1
DEFENDANT WELLS FARGO'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT-7
CASE NO. 2:17-cv-01525-RSM

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

default, however they chose not to utilize it to remedy the payment return. Therefore, any resulting injuries were self-inflicted.

**F.      Plaintiffs' may not use discovery to supplement their insufficient pleadings.**

Plaintiffs claim that discovery is needed in order to address the acceleration issue. Plaintiff cites to a case that determined whether or not a Washington statute infringed upon the parties' rights to conduct discovery. *See Dkt.* 39, Opposition at 8. This is not the issue before this court. Wells Fargo requests that the court dismiss Plaintiffs' First Amended Complaint for failure to state a claim upon which relief can be granted.

Where a complaint is deficient and not pleaded in accordance with the standards of Rule 8, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1950, 173 L.Ed.2d 868, 884 (2009).

Here, Plaintiffs are armed with nothing more than a one paragraph conclusion regarding an allegation that the note was accelerated. *See* Dkt. 25, FAC ¶26. This single conclusion does not entitle Plaintiffs to discovery on an issue that was previously never raised (*See* Complaint), nor are they even sure it occurred.

**G.      Leave to amend would be futile.**

The district court should grant leave to amend if the claim can possibly be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). However, the district court need not grant leave to amend if amendment would be futile, *see Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008) (finding that amendment would be futile where plaintiff was granted leave to amend once and the amended complaint contained

109300/FR0028/02095335-1
DEFENDANT WELLS FARGO'S REPLY IN
SUPPORT OF MOTION TO DISMISS FIRST
AMENDED COMPLAINT-8
CASE NO. 2:17-cv-01525-RSM

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

the same defects as the prior complaint). *Lake v. MTC Fin., Inc.*, No. C16-1482JLR, 2017 U.S. Dist. LEXIS 115278, at *16-17 (W.D. Wash. July 24, 2017).

The district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The court in *Lake* previously granted the Lakes leave to amend their Section 1692f(6) FDCPA claim. However, the court dismissed their FDCPA claim in their first amended complaint without further leave to amend, finding it contained the same defects as its original complaint. *Lake* at 16-17.

Here, leave to amend would be futile. Plaintiffs' First Amended Complaint contains the same defects as the original Complaint. Plaintiffs' statute of limitations claims remain defective and the conclusory allegation that the loan may have been accelerated over 6 years ago does not mend the prior deficiencies. Plaintiffs have failed to cure the deficiencies in their CPA claims. The new damages alleged are barred by the FCRA and not caused by Wells Fargo. The remaining CPA elements are not established and should be dismissed with prejudice and without further leave to amend. Plaintiffs' First Amended Complaint demonstrates that there are no facts/amendments that would cure the deficiencies in their original Complaint, and further leave to amend would be futile. Plaintiffs' First Amended Complaint should be dismissed in its entirety.

## II. CONCLUSION

For the foregoing reasons, Defendant Wells Fargo respectfully requests the Court grant its FRCP 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint. All of Plaintiffs' claims fail as a matter of fact and law, and have been rejected repeatedly by Washington courts. Plaintiffs' First Amended Complaint and Response fail to cure the deficiencies which lead to

109300/FR0028/02095335-1
DEFENDANT WELLS FARGO'S REPLY IN
SUPPORT OF MOTION TO DISMISS FIRST
AMENDED COMPLAINT-9
CASE NO. 2:17-cv-01525-RSM

ANGLIN FLEWELLING RASMUSSEN
CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

dismissal of the original Complaint. Plaintiffs provide no cognizable claims alleged against Wells Fargo, nor are any issues of material fact precluding dismissal presented. Thus all of Plaintiffs' claims fail to state a cognizable claim upon which relief can be granted, and dismissal of Plaintiffs' Complaint with prejudice and without leave to amend is appropriate.

DATED this 29th day of June, 2018.

*/s/ Justin T. Jastrzebski*
Justin T. Jastrzebski, WSBA No. 46680

109300/FR0028/02095335-1
DEFENDANT WELLS FARGO'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT-10
CASE NO. 2:17-cv-01525-RSM

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319

# CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Western District of Washington using the CM/ECF system, which will provide notice to the following parties as indicated below:

| | |
|---|---|
| Thomas L. Hause | [ ] By United States Mail |
| B. Craig Gourley | [ ] By Legal Messenger |
| Gourley Law Group | [ ] By Email |
| 1002 10th Street | [X] By CM/ECF E-Service |
| Snohomish, WA 98290 | |
| *Attorneys for Plaintiffs* | |
| | |
| Kimberly Hood | [ ] By United States Mail |
| Aldridge Pite, LLP | [ ] By Legal Messenger |
| 9311 SE 36th Street #100 | [ ] By Email |
| Mercer Island, WA 98040 | [X] By CM/ECF E-Service |
| *Attorneys for Defendant Clear Recon* | |

Signed this 29th day of June, 2018 at Seattle, Washington.

*/s/ Karrie L. Blevins*
Karrie L. Blevins, Legal Assistant
AFRCT LLP

109300/FR0028/02095335-1
DEFENDANT WELLS FARGO'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT-11
CASE NO. 2:17-cv-01525-RSM

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP
701 Pike Street, Suite 1560
Seattle, WA 98101
(206) 492-2300 | Fax (206) 492-2319