UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN G. LEMERY and JULIE D. LEMERY, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, et al.,<br><br>Defendants. | CASE NO. C17-1525 RSM<br><br>ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on Defendant Wells Fargo Bank, N.A. ("Wells Fargo")'s Second Motion to Dismiss. Dkt. #31. Plaintiffs Steven G. Lemery and Julie D. Lemery ("The Lemerys") oppose this Motion. Dkt. #39. Defendant Clear Recon Corp. ("Clear Recon") joins in Wells Fargo's Motion. Dkt. #36. For the reasons stated below, the Court GRANTS Defendants' Motion and dismisses all of the Lemerys' claims with prejudice.

//

//

ORDER GRANTING DEFENDANT'S SECOND MOTION TO DISMISS - 1

## II. BACKGROUND[1]

The Lemerys are the owners of real property located in Duvall, Washington, which they acquired in 1994. Defendant Wells Fargo Bank, as successor in interest to World Savings Bank, acquired rights in the Promissory Note and Deed of Trust for this property, originally recorded on December 30, 1999. The Lemerys contend they have not made any payment on this Promissory Note since December 2007.

In September of 2014, Defendant and trustee Cal-Western Reconveyance ("Cal-Western") provided the Lemerys with a Notice of Trustee Sale. Two months later, the Lemerys received a Notice of Discontinuance of Trustee Sale. Nevertheless, the sale proceeded and Cal-Western recorded a Trustee's Deed in February of 2015. The Trustee, realizing its error, issued a Rescission of Trustee's Deed in March of 2015. The Lemerys contend that Defendants have not completed any foreclosure action or court proceedings within 6 years of their accrual of a cause of action under the note.

In 2017, Defendant Clear Recon commenced another foreclosure, allegedly without properly serving notice on the Lemerys or their counsel. The Lemerys contend that Defendants cannot accurately track payments or charges and they dispute the amount owed.

On September 12, 2017, the Lemerys filed a Complaint to Quiet Title for Wrongful Foreclosure and to Enjoin or Set Aside the Trustee's Sale in King County Superior Court. Dkt. #1-1. The Lemerys contend that Defendants' right to collect on the note is now barred by the statute of limitations. They also alleged violations of the Deeds of Trust Act, RCW 61.24 et seq. ("DTA"), and the state Consumer Protection Act ("CPA"), RCW 19.86 et seq., and sought declaratory relief. This case was removed from King County Superior Court on October 12,

---
[1] The following background facts are taken from Plaintiff's Amended Complaint, Dkt. #25, and accepted as true for purposes of ruling on Defendant's Rule 12(b)(6) Motion to Dismiss.

2017. Dkt. #1. The Court dismissed the Lemerys' original claims with leave to amend. Dkt. #24. The Lemerys filed an Amended Complaint on April 25, 2018, with the same claims and a new claim of negligent infliction of emotional distress against a new Defendant, Cal-Western. Dkt. #25. The Lemerys allege that Cal-Western "is believed to administratively dissolved." *Id.* at ¶ 4. Wells Fargo's second Motion to Dismiss followed on May 9, 2018. Dkt. #31.

### III. DISCUSSION

#### A. Legal Standard

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id.* at 570.

#### B. Judicial Notice of Documents

The Court has previously found that it can take judicial notice of certain documents filed by Wells Fargo related to the Lemerys loan. Dkt. #24 at 3–4.

//

//

## C. Quiet Title Claim

A deed of trust is a written installment contract subject to Washington's six-year limitations period. *Hankins v. US PROF-2014-S2 Legal Title Trust*, 2017 U.S. Dist. LEXIS 70829; 2017 WL 1884581 (W.D. Wash. 2017) (citing RCW 4.16.040). Each installment triggers the limitations period for that missed payment: "[W]hen recovery is sought on an obligation payable by installments[,] the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." *Herzog v. Herzog*, 23 Wn.2d 382, 388, 161 P.2d 142, 144-45 (1945); *see also* 25 David K. Dewolf, Keller W. Allen & Darlene Barrier Caruso, Washington Practice: Contract Law and Practice § 16:20, at 196 (2012-13 Supp.) ("Where a contract calls for payment of an obligation by installments, the statute of limitations begins to run for each installment at the time such payment is due.").

The last payment owed commences the final six-year period to enforce a deed of trust securing a loan. This situation occurs when the final payment becomes due, such as when the note matures or a lender unequivocally accelerates the note's maturation. *See 4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 195 Wn. App. 423, 434-35, 382 P.3d 1 (2016), *review denied sub nom. 4518 S. 256th, LLC v. Gibbon*, 187 Wn.2d 1003, 386 P.3d 1084 (2017); *see also Westar Funding, Inc. v. Sorrels*, 157 Wn. App. 777, 784, 239 P.3d 1109 (Wash. App. Div. 2, 2010). It also occurs at the payment owed immediately prior to the discharge of a borrower's personal liability in bankruptcy, because after discharge, a borrower no longer has forthcoming installments that he must pay. *See Edmundson v. Bank of Am., NA*, 194 Wn. App. 920, 931, 378 P.3d 272, (2016); *see also Silvers v. U.S. Bank Nat. Ass'n*, 2015 U.S. Dist. LEXIS 112650, 2015 WL 5024173, at *4 (W.D. Wash. 2015).

Acceleration is the lender's prerogative. In Washington, "acceleration does not occur automatically by invoking the power of sale." *4518 S. 256th, LLC*, 195 Wn. App. at 444. Rather, it "must be made in a clear and unequivocal manner [that] effectively apprises the maker that the holder has exercised his right to accelerate the payment date." *Glassmaker v. Ricard*, 23 Wn. App. 35, 38, 593 P.2d 179 (1979).

The Court's previous Order ruled that:

> Taking everything in the Lemerys' Complaint as true, the Court is convinced that they have failed to plead a facially plausible quiet title claim based on the statute of limitations. The statute of limitations has not run on installment payments owed less than six years from the filing of this action. There is no allegation of an acceleration clause, and the note attached by Wells Fargo to its Motion does not appear to indicate that all payments would automatically become due without further action by the lender. *See* Dkt #8-1 at 22. There is no allegation that Wells Fargo took such action. The recording of the Notice of Trustee's Sale on May 11, 2017, was within the statute of limitations, and stopped the statute of limitations from running. Based on the record, the foreclosure was timely and not barred by the statute of limitations.

Dkt. #24 at 7. The Amended Complaint does not change this conclusion. The only related additions by the Lemerys to the "Factual Background" of their Amended Complaint are that "[a]ll payments due more than 6 years prior to commencement of the foreclosure are barred by the statute of limitations…" and "Plaintiff asserts that the entire loan balance was accelerated more than 6 years ago and that the entire sum owed the defendant is time barred." Dkt. #25 at 5. The Lemerys' factual assertion that the entire loan balance was accelerated is conclusory and does not satisfy the *Twombly/Iqbal* standard. The Court does not have to accept this "legal conclusion couched as a factual allegation" as true. The Court finds that the Lemerys have failed to adequately plead this claim after previously being dismissed with leave to amend, and it will be now dismissed with prejudice.

### D. DTA Claim

"Under Washington law, a foreclosure sale is a prerequisite to bringing a DTA claim." *Titus v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 26271, *10 (W.D. Wash. 2016) (citing *Frias v. Asset Foreclosure Services*, Inc. at al., 181 Wn.2d 412, 334 P.3d 529 (2014)). "[T]here is no actionable, independent cause of action for monetary damages under the DTA based on DTA violations absent a completed foreclosure sale." *Frias*, 334 P.3d at 537. A plaintiff also may not "seek injunctive relief by complaint [under the DTA] without first following relevant state law provisions, such as RCW 61.24.130"—the sole method to contest and enjoin a foreclosure sale. *Titus* at *4 (citing *CHD, Inc. v. Boyles*, 138 Wn. App. 131, 137, 157 P.3d 415 (2007)).

A foreclosure sale has not yet occurred, so the Court again agrees with Wells Fargo that the Lemerys' allegations under the DTA are premature. The Lemerys knew this when they included this claim again, unchanged, in their Amended Complaint, and fail to address this claim in their Response to the instant Motion. Given all of the above, this claim will be dismissed with prejudice.

### E. CPA Claim

Washington's Consumer Protection Act ("CPA") prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. To prevail on a CPA claim, a plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37, 204 P.3d 885 (2009).

The Lemerys' original Complaint failed to adequately plead the injury element above, and Wells Fargo argued there were no damages because the foreclosure had yet to be

completed, and that emotional distress was not recoverable under the CPA. Dkt. #7 at 14 (citing *Frias, supra* at 431–32). The Amended Complaint does little to rectify this problem, adding only that the Lemerys "credit and ability to refinance was destroyed by Defendant's wrongful actions." Dkt. #25 at 8. The Defendants now argue that the Amended Complaint fails to adequately plead injury for the reasons above, and because credit reporting cannot constitute an injury under the CPA due to federal preemption by the Fair Credit Reporting Act. Dkt. #31 at 16–17.

The Lemerys do not mention their CPA claim in their Response.

The Court agrees with Defendants that the Lemerys have failed to sufficiently allege damages under the CPA and applicable case law. Any recoverable injury to the Lemerys' property from the wrongful sale of their house at auction in 2015 was rectified by the subsequent rescission. Plaintiffs allegations as to the other elements of their CPA claim are again conclusory and do not meet the *Twombly/Iqbal* standard. Given all of the above, this claim will be dismissed with prejudice.

**F. Equitable Estoppel Claim**

The Lemerys appear to raise a claim for equitable estoppel for the first time in their Response to the instant Motion. *See* Dkt. #39 at 9–10. This claim is not explicitly pled in the Amended Complaint, and Plaintiffs fail to adequately plead the elements of such a claim.

**G. Remaining Claims**

The Lemerys also plead for declaratory relief and negligent infliction of emotional distress, the latter against Defendant Cal-Western only. The Court finds that the declaratory relief claim cannot survive given the rulings above. The negligent infliction of emotional distress claim is brought solely against a party that has not been served, see Dkt. #37, and by the Lemerys' own admission is believed to be administratively dissolved. Furthermore, like the

Lemerys' previous claims, this claim too is conclusory and properly dismissed under *Twombly*, *supra*.

### H. Leave to Amend

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The Court finds that further leave to amend would be futile given the Lemerys' inability to correct previously identified errors. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008).

## IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss (Dkt. #31) is GRANTED. All of Plaintiffs' claims are DISMISSED with prejudice.

DATED this 1st day of August 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE